# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VANESSA MILES,

   *Plaintiff,*

v.

DELTA AIR LINES, INC., and
ENDEAVOR AIR, INC.,

   *Defendants.*

Case No.:

Hon:

---

**Marc J. Mendelson (P52798)**
**Madeline M. Sinkovich (P82846)**
Mike Morse Law Firm
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, MI 48075
Madeline.sinkovich@855mikewins.com
rima.najor@855mikewins.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, VANESSA MILES, by and through her attorneys, MIKE MORSE LAW FIRM, and for her Complaint against Defendants, DELTA AIR LINES, INC. and ENDEAVOR AIR, INC., states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, VANESSA MILES is a resident and citizen of the City of Detroit, County of Wayne, State of Michigan.

1

2. Defendant DELTA AIR LINES, INC. ("Delta") is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

3. Defendant ENDEAVOR AIR, INC. ("Endeavor") is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia, and is a wholly-owned subsidiary of Delta.

4. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between Plaintiff and Defendants.

6. This Court has jurisdiction over claims arising under the Montreal Convention pursuant to 28 U.S.C. § 1331 as the Montreal Convention is a treaty of the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this claim occurred in the Eastern District of Michigan.

8. Venue is also proper under Article 33 of the Montreal Convention, as Plaintiff resides in Michigan and Delta operates flights to and from this district.

## FACTUAL ALLEGATIONS

9.  On February 17, 2025, Plaintiff Vanessa Miles was a passenger on Endeavor Air Flight 4819, operating under the Delta Connection brand, which departed from Minneapolis and was scheduled to land at Toronto Pearson International Airport.

10. At all relevant times, Plaintiff was employed by Endeavor Air as a flight attendant, but was "deadheading" on Flight 4819, meaning she was traveling as a passenger to position herself for future work assignments.

11. Pursuant to Delta and Endeavor's own policies and procedures, deadheading flight attendants are considered passengers during such travel.

12. Plaintiff was not permitted to perform any work duties while deadheading.

13. During landing at Toronto Pearson International Airport, Flight 4819 experienced a violent and catastrophic drop during the landing procedure, struck the ground with excessive force, rolled multiple times, and ultimately came to rest upside down on its roof due to Defendants' grossly negligent operation of the aircraft.

14. Upon impact, the cabin began filling with smoke and jet fuel, creating an immediate danger to all persons aboard the aircraft.

15. Plaintiff was rendered temporarily unconscious while hanging upside down from her seatbelt in the inverted aircraft. Upon regaining consciousness, she found herself soaked in jet fuel and surrounded by smoke, putting her at grave risk for chemical burns, asphyxiation, and death.

16. Plaintiff unbuckled her seatbelt and fell to the ceiling of the inverted aircraft.

17. There were no announcements from the flight crew and the emergency slides failed to deploy properly.

18. When Plaintiff attempted to exit the aircraft herself, she fell approximately 6-7 feet to the ground because the emergency slides had not deployed, further aggravating her injuries.

19. After evacuating, Plaintiff was forced to stand outside in 15-degree weather for approximately one hour before transportation to a hospital was provided.

20. The aircraft exploded approximately 2 minutes after Plaintiff exited.

21. Emergency responders transported Plaintiff to Humber River Health in Toronto, where she received emergency medical treatment for her injuries.

22. Following the incident, Delta and Endeavor leaders acknowledged that numerous passengers were injured and transported to local hospitals as a result of the crash.

23. This accident was caused, at least in part, by Defendants knowingly assigning an inexperienced and inadequately trained pilot to operate the flight, demonstrating a reckless disregard for passenger safety in pursuit of operational efficiency.

24. Defendants cut corners on safety by rushing pilots through training programs and knowingly putting passengers at risk with inexperienced flight crew.

25. Defendants' safety failures extended beyond inadequate pilot training to include:

   a. Failure to ensure proper functioning of critical emergency evacuation equipment;

   b. Failure to properly train flight crew on emergency evacuation procedures;

   c. Absence of any emergency announcements or guidance during evacuation;

   d. Failure to properly maintain the aircraft's landing gear and related systems;

   e. Failure to provide prompt medical assistance following the crash; and

   f. Failure to have adequate emergency response procedures in place.

26. According to the findings of a preliminary investigation by Transportation Safety Board of Canada, the Defendants committed the following negligent acts:

    a. Failing to maintain a safe rate of descent;

    b. Improperly operating the aircraft with an excessive right bank angles

    c. Improperly reducing engine thrust which contributed to the excessive descent rate;

    d. Failing to response appropriately to the sink rate alert;

    e. Failing to execute proper corrective actions to address the increasing descent rate and banking angle during final approach;

    f. Failing to adequately adjust landing procedures for challenging weather conditions;

    g. Any other negligent actions or omissions documented or not yet documented by TSB.

27. Defendants knowingly, willfully, and repeatedly place profits over safety, resulting in this catastrophic incident and Plaintiff's severe injuries.

28. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered severe and permanent injuries, including but not limited to: fractured left shoulder/scapula, traumatic brain injury with loss of consciousness, post-concussion syndrome with headaches, dizziness, and other cognitive

difficulties, bilateral knee injuries, back injuries, exposure to jet fuel and toxic fumes, and psychological trauma including anxiety, depression, and post-traumatic stress disorder.

## COUNT I
## MONTREAL CONVENTION - STRICT LIABILITY
**(Against Both Defendants)**

29. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

30. The air transportation during which Plaintiff was injured constituted "international carriage" as defined in Article 1 of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (hereinafter "Montreal Convention"), as it was a flight between Minneapolis, United States and Toronto, Canada.

31. The Montreal Convention governs the rights and liabilities of the parties with respect to international carriage by air, including Plaintiff's claims arising from injuries sustained during Flight 4819.

32. Pursuant to Article 17(1) of the Montreal Convention, Defendants are strictly liable for damages sustained in case of death or bodily injury of a passenger upon condition only that the accident that caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

33. Plaintiff suffered bodily injuries on board Flight 4819, when the aircraft crashed during landing at Toronto Pearson International Airport.

34. Under Article 21(1) of the Montreal Convention, for damages arising under Article 17 not exceeding 151,880 Special Drawing Rights, which equates to approximately $219,033.59 (based on current exchange rates), Defendants cannot exclude or limit their liability regardless of whether they were at fault.

35. Plaintiff is entitled to compensation from Defendants for damages up to 151,880 Special Drawing Rights, approximately $219,033.59, without having to prove fault on the part of Defendants.

36. Plaintiff's claims are timely brought within two years of the date of arrival at the destination, in accordance with Article 35 of the Montreal Convention.

WHEREFORE, Plaintiff VANESSA MILES respectfully requests that this Honorable Court enter judgment in her favor and against Defendants DELTA AIR LINES, INC. and ENDEAVOR AIR, INC., jointly and severally, in an amount in excess of $75,000, plus interest, costs, and attorney fees, and grant such other relief as this Court deems just and equitable.

## COUNT II
## MONTREAL CONVENTION - NEGLIGENCE
(Against Both Defendants)

37. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

38. For damages exceeding 151,880 Special Drawing Rights, under Article 21(2) of the Montreal Convention, Defendants are liable for all damages unless they prove that: (a) such damage was not due to their negligence or other wrongful act or omission; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

39. Defendants violated their duties and were negligent in the following ways:

   a. Failing to properly train flight crew, including pilots;

   b. Failing to ensure the pilot operating Flight 4819 was sufficiently experienced to safely land the aircraft;

   c. Failing to maintain proper operational control over the aircraft;

   d. Failing to ensure proper functioning of emergency evacuation equipment, including emergency slides;

   e. Failing to properly train flight crew on emergency evacuation procedures;

   f. Failing to properly execute emergency procedures following the crash;

   g. Failing to properly maintain the aircraft;

   h. Failing to provide prompt medical assistance following the crash;

   i. Failing to maintain a safe rate of descent during the landing approach;

   j. Failing to maintain proper pitch attitude at touchdown;

    k. Failing to respond appropriately to the enhanced ground proximity warning system "sink rate" alert that activated 2.6 seconds before touchdown;

    l. Failing to properly manage engine thrust during the final approach;

    m. Failing to execute proper energy management during approach in gusty wind conditions;

    n. Failing to follow standard operating procedures for landing approach as set forth in Defendants' own flight operations manual; and

    o. Other acts of negligence to be determined through discovery.

40. Defendants cannot prove that Plaintiff's damages were not due to their negligence or other wrongful act or omission, or that such damage was solely due to the negligence or other wrongful act or omission of a third party.

41. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent injuries, including but not limited to: fractured left shoulder/scapula, traumatic brain injury with loss of consciousness, post-concussion syndrome with headaches, dizziness, and other cognitive difficulties, bilateral knee injuries, back injuries, exposure to jet fuel and toxic fumes, psychological trauma, including anxiety, depression, and post-traumatic stress disorder; and all other injuries to be determined through ongoing medical evaluation.

42. As a further direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer: physical pain and suffering, mental anguish and emotional distress, fright and shock, embarrassment, humiliation, and mortification, loss of earnings and earning capacity, medical expenses, past and future, and loss of enjoyment of life.

43. As a result of Defendants' liability under the Montreal Convention, Plaintiff is entitled to recover damages for bodily injuries, including all economic and non-economic losses.

44. Plaintiff's claims are timely brought within two years of the date of arrival at the destination, in accordance with Article 35 of the Montreal Convention.

WHEREFORE, Plaintiff VANESSA MILES respectfully requests that this Honorable Court enter judgment in her favor and against Defendants DELTA AIR LINES, INC. and ENDEAVOR AIR, INC., jointly and severally, in an amount in excess of $75,000, plus interest, costs, and attorney fees, and grant such other relief as this Court deems just and equitable.

## COUNT III
## GROSS NEGLIGENCE
(Against Both Defendants)

45. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

46. At all relevant times, Defendants owed Plaintiff a duty to exercise the highest degree of care for her safety as a passenger on their aircraft.

47. Defendants, through their agents, servants, and employees, demonstrated a willful and wanton disregard for the safety of Plaintiff and other passengers, with actions and omissions so reckless as to demonstrate a substantial lack of concern for whether injury would result, in the following ways:

   a. Knowingly assigning an inexperienced and inadequately trained pilot to operate the flight, demonstrating a reckless disregard for passenger safety in pursuit of operational efficiency;

   b. Cutting corners on safety by rushing pilots through training programs, placing profits over safety;

   c. Recklessly allowing the aircraft to touch down with a catastrophically excessive rate of descent which significantly exceeded both the aircraft's structural design limit Defendants' own "hard landing" threshold;

   d. Willfully operating the aircraft with a dangerous right bank angle at touchdown, creating an imminent danger of structural failure;

   e. Grossly mismanaging critical flight controls by drastically reducing engine thrust at a dangerously low altitude above ground level, with deliberate disregard for the resulting excessive descent rate;

    f. Consciously ignoring critical safety warnings by failing to take corrective action when the sink rate alert sounded;

    g. Failing to properly maintain the aircraft's landing gear and related systems;

    h. Failing to ensure proper functioning of critical emergency evacuation equipment, specifically the emergency slides which failed to deploy properly;

    i. Failing to make any emergency announcements or provide guidance during evacuation;

    j. Failing to provide prompt medical assistance, forcing evacuees to stand outside in 15-degree weather for approximately one hour before transportation to a hospital was provided;

    k. Failing to have adequate emergency response procedures in place; and

    l. Knowingly, willfully, and repeatedly placing profits over safety, resulting in this catastrophic incident, and

    m. Other acts of gross negligence or recklessness learned in discovery.

48. The above actions and omissions constitute gross negligence and show a willful disregard of precautions or measures to attend to safety and disregard for substantial risks.

49. As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered and will continue to suffer: severe physical pain and suffering, mental anguish and emotional distress, fright and shock, embarrassment, humiliation, and mortification, loss of earnings and earning capacity, medical expenses past and future, and loss of enjoyment of life.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, VANESSA MILES, demands judgment and prays for the following relief, jointly and severally, against Defendants:

a. Full and fair compensatory damages of at least $75,000,000.00;

b. Reasonable attorney's fees and costs of this action; and

c. Any such other relief as appears just and proper.

Respectfully submitted,

**MIKE MORSE LAW FIRM, PLLC**

Attorneys for Plaintiff

*/s/Madeline M. Sinkovich*
Madeline M. Sinkovich P-82846
24901 Northwestern Highway, Suite 700
Southfield, MI  48075-1816
(248) 350-9050
Madeline.sinkovich@855mikewins.com

Dated:   July 28, 2025

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

                                             Respectfully submitted,

                                             **MIKE MORSE LAW FIRM, PLLC**

                                             Attorneys for Plaintiff

                                             */s/Madeline M. Sinkovich*
                                             Madeline M. Sinkovich P-82846
                                             24901 Northwestern Highway, Suite 700
                                             Southfield, MI  48075-1816
                                             (248) 350-9050
                                             Madeline.sinkovich@855mikewins.com

Dated:     July 28, 2025